**UNITED STATES of America, Appellant,**

v.

**Susan ROSENBERG, et al., Appellees.**

**Nos. 89–3070, 89–3071 and 89–3072.**

United States Court of Appeals, District of Columbia Circuit.

Issued Jan. 29, 1990.

Decided Feb. 2, 1990.

Before WALD, Chief Judge; MIKVA, EDWARDS, RUTH BADER GINSBURG, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG and SENTELLE, Circuit Judges.

*ORDER*

Appellant's Suggestion for Rehearing *En Banc* has been circulated to the full court. The taking of a vote was requested. Thereafter, a majority of the judges of the court in regular, active service did not vote in favor of the suggestion. Upon consideration of the foregoing it is

ORDERED, by the Court *en banc*, that the suggestion is denied.

*Per Curiam*

FOR THE COURT:

CONSTANCE L. DUPRE, CLERK

A statement of Circuit Judge WILLIAMS concurring in the denial of rehearing *en banc* is attached.

Circuit Judges EDWARDS, RUTH BADER GINSBURG and SENTELLE would grant the suggestion.

STEPHEN F. WILLIAMS, Circuit Judge, concurring in the denial of rehearing *en banc.*

Although the government in suggesting rehearing *en banc* repeatedly characterizes the panel majority as having "focus[sed] upon the nature or character of the government's proof," Petition at 6, that is not the case.

The real disagreement between the government and the panel majority is simply that the latter recognized, while the government does not, that the words of a statute are not the end of the process of determining the statutory "elements." Thus in *United States v. Sabella,* 272 F.2d 206 (2nd Cir.1959), Judge Friendly recognized that the elements of a crime can depend not only on the text of the statute itself, but on the judicial interpretations of this text. At issue were two charges, one for sale of heroin without a written order, the other for sale of illegally imported heroin. Under the standard of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the absence of a written order for one crime and illegal importation for the other would represent unique facts required to be proven for each crime, so that neither would be lesser-included within the other. But Judge Friendly relied on repeated holdings that conviction was proper for sale without a written order even without allegations or proof on the point. See 272 F.2d at 211. Thus judicial construction clarified or altered the elements of the offense in such a way as to create a double jeopardy problem. Perhaps such judicial interpretations are not proper, as Judge Edwards suggests in his dissent. *United States v. Rosenberg,* 888 F.2d 1406, 1424 (D.C.Cir.1989) (Edwards, J., dissenting in part). But when they have occurred and are binding precedent, courts should not allow defendants to be twice tried for the same offense (or lesser included offenses), merely because the identity of elements arose from judicial interpretation rather than statutory text.

The principle applied by the panel majority becomes quite clear if we momentarily

suppose that Congress had *explicitly* defined two crimes:

18 U.S.C. § 844(f)A—deliberately bombing government buildings, and

18 U.S.C. § 844(f)B—participating in a conspiracy of which one or more members, acting pursuant to the conspiracy, deliberately bomb government buildings.

If a defendant were first convicted of "participating in a conspiracy," the government could later charge him with a violation of § 844(f)A, and prove that offense with whatever proof or evidence was normally admissible. But if the government charged him with violation of § 844(f)B, and the conspiracy involved in both charges were *exactly the same conspiracy,* as is conceded by the government here, few would doubt the second charge to be barred by the *Blockburger* double jeopardy test. The only difference between this example and the actual facts is that the B-type variant exists by virtue of *Pinkerton* rather than by explicit statutory language. The panel majority said no more. See *Rosenberg,* 888 F.2d at 1413–14; *id.* at 1418 (Williams, J., concurring).